24-1599
Sinche-Quito v. Blanche

BIA
Ling, IJ
A220 504 125/077
A220 502 408

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

SILVIA CATALINA SINCHE-QUITO,
STEVEN ELIAN JARA-SINCHE,
LISBETH PAMELA JARA-SINCHE,
> *Petitioners,*

v.                                                    **24-1599**
                                                     **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**  Richard La Salle, Jackson Heights, NY.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Silvia Catalina Sinche-Quito and her minor children, natives and citizens of Ecuador, seek review of a May 15, 2024, decision of the BIA affirming a November 21, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Silvia Catalina Sinche-Quito, et al.*, Nos. A220 504 125/077, A220 502 408 (B.I.A. May 15, 2024), *aff'g* Nos. A220 504 125/077, A220 502 408 (Immig. Ct. N.Y. City Nov. 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed "the judgment of the IJ as modified by the BIA's decision," that is minus the grounds for the IJ's denial that the BIA did not rely on and considering the BIA's determination that Sinche-Quito waived her CAT claim.

2

*Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding and "the agency's determination whether a given set of undisputed facts rises to the level of persecution" under the substantial evidence standard. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We generally review questions of law de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). We deny the petition because Petitioners have abandoned or failed to exhaust dispositive issues.

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also id.* § 1231(b)(3)(A), (C) (withholding); 8 C.F.R. §§ 1208.13(b), 1208.16(b). The agency found that insults and a threat while Sinche-Quito was proselytizing as a Jehovah's Witness did not rise to the level of persecution, she failed to establish that other incidents—almost being hit by a car and an attempted rape—were connected to a protected ground, and she did not establish a pattern

3

or practice of persecution of Jehovah's Witnesses. She has abandoned asylum and withholding of removal because her brief does not meaningfully challenge these dispositive grounds for the agency's decision. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming a claim abandoned where petitioner "devote[d] only a single conclusory sentence to the argument").

A CAT applicant "bears the burden of proving" that she "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021); *see also* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The BIA found that Sinche-Quito waived her CAT claim by failing to challenge the IJ's dispositive finding that she did not show that the Ecuadorian government would consent or acquiesce to her torture. "Therefore, this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). Sinche-Quito has abandoned review of the waiver finding because she does not acknowledge or address it here, *see Debique*, 58 F.4th at 684; similarly, as the

4

Government argues, because she did not address acquiescence before the BIA, she failed to exhaust her CAT claim, *see Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reiterating that issue exhaustion is mandatory where the Government raises it).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court